**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**ALAN DALE WALKER, EARL WESLEY**
**BERRY, PAUL EVERETT WOODWARD,**
**GERALD JAMES HOLLAND,**
**and DALE LEO BISHOP**                                              **PLAINTIFFS**

**VS.**                                      **CIVIL ACTION NO.: 4:07CV176-P-B**

**CHRISTOPHER EPPS, Commissioner**
**of the Mississippi Department of Corrections,**
**LAWRENCE KELLY, Superintendent of the**
**Mississippi State Penitentiary at Parchman,**
**and JOHN DOES 1-50**                                              **DEFENDANTS**


**OPINION**

Plaintiffs Alan Dale Walker, Earl Wesley Berry, Paul Everett Woodward, Gerald James

Holland, and Dale Leo Bishop are prisoners sentenced to death by the State of Mississippi, and they

have brought an action pursuant to 42 U.S.C. § 1983 challenging their executions by lethal injection

as the procedure is used in the State of Mississippi. Plaintiffs allege that the details of the execution

process as determined by the Mississippi Department of Corrections were created without medical

research, and that the established protocol includes the administration of three chemical substances

which risk a painful, conscious death in violation of the Eighth Amendment. Plaintiffs maintain that

the current protocol does not identify procedures for ensuring that the inmate is properly sedated

prior to the administration of the nueromuscular blocking agent, that the protocol does not provide

for the timing of the release of the chemicals, and that the protocol further fails to establish

qualifications of the personnel to perform the procedures involved. Currently pending before the

Court is Earl Wesley Berry's emergency motion for a temporary restraining order seeking to enjoin

the State from executing him on October 30, 2007, using current lethal injection procedures (docket entry no.1), and Defendants' motion to dismiss the complaint as it relates to Earl Wesley Berry (docket entry no. 8).

Defendants' motion, filed October 19, 2007, asserts that Berry has waited too long to bring his claim under clear United States Supreme Court and Fifth Circuit precedent. Defendants maintain that Berry could have brought this claim anytime after his conviction and sentence became final on direct appeal on October 7, 2002, and that he is essentially requesting a stay of execution from this Court, which is barred. On October 22, 2007, Plaintiffs filed a response to Defendants' motion to dismiss the complaint as to Berry, maintaining in part that all of the authorities relied upon by the State were decided prior to the grant of certiorari by the United States Supreme Court in *Baze v. Rees*, ___ S.Ct.___, 2007 WL 2075334 (September 25, 2007). (*See* docket entry no. 10). This Court held a hearing on October 23, 2007, to specifically address the issue of injunctive relief as it relates to Berry, and having heard arguments of counsel, is prepared to rule.

The Court notes that the purpose of a temporary restraining order is "to preserve the status quo until a motion for preliminary injunction can be heard." *Cohen v. Coahoma County, Miss.*, 805 F.Supp. 398, 403 (N.D. Miss. 1992). As Defendants have been given notice of the complaint and have responded to same, and a hearing has been held, the Court considers Berry's request as a motion for a stay of execution. *See, e.g., Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 423 (5th Cir. 2002) (requests for temporary restraining order and/or preliminary injunction preventing state from executing until § 1983 litigation finished operates as functional equivalent of request for stay of execution); *see also White v. Johnson*, 429 F.3d 572, 574 (5th Cir. 2005) ("The principles enunciated by the Court are equally applicable to all types of equitable relief, including

permanent injunctions, sought by inmates facing imminent execution.").

The United States Court of Appeals for the Fifth Circuit has repeatedly held that method of execution challenges become ripe when the inmate's conviction becomes final on direct appeal. *See, e.g, Brown v. Livingston*, 457 F.3d 390, 391 (5th Cir. 2006), *Neville v Johnson*, 440 F.3d 221, 222 (5th Cir. 2006); *White v. Johnson*, 429 F.3d 572, 574 (5th Cir. 2005). Requests to stay executions based on challenges to the method of execution have been uniformly refused where the inmate files his complaint after an execution date has been set. *See, e.g.*, *Reese v. Livingston*, 453 F.3d 289, 290-91 (5th Cir. 2006); *Smith v. Johnson*, 440 F.3d 262, 263 (5th Cir. 2006); *Neville*, 440 F.3d at 222 (5th Cir. 2006); *White*, 429 F.3d at 574; *Harris v. Johnson*, 376 F.3d 414, 416 (5th Cir. 2004). The United States Supreme Court has determined that courts must apply a "strong equitable presumption against the grant of a stay" where, due to the prisoner's delay in filing, a court would have to enter a stay in order to allow for a full consideration of the merits. *See Hill v. McDonough*, 126 S.Ct. 2096, 2104, 165 L.Ed.2d 44 (2006). This equitable presumption exists to discourage tactics intended to manipulate the judicial process. *See Gomez v. United States Dist. Court for Northern Dist. of Cal.*, 503 U.S. 653, 654, 112 S.Ct. 1652, 1653, 118 L.Ed.2d 293 (1992).

Berry argues that the legal landscape has changed, and that this Court should grant his requested relief based on the willingness of courts around the country to grant stays of execution in order to fully consider the merits of condemned prisoners' challenges to the lethal injection process. See *See, e.g., Emmett v. Johnson*, ___ U.S.___, 2007 WL 3018923 (October 17, 2007) (application for stay granted); *Norris v. Jones*, ___ U.S. .___, 2007 WL 2999165 (October 16, 2007) (denying application to vacate stay of execution); *Turner v. Texas*, ___ U.S. ___, 2007 WL 2803693 (September 27, 2007) (staying execution pending filing and disposition of petition for writ of

certiorari); *Baze v. Rees*, ___ U.S. ___, 2007 WL 2075334 (September 25, 2007); *see also Alderman v. Hall*, No. S08W0263 (Ga.S.Ct. October 18, 2007); *ACLU v. Skolnik*, No. 50543 (Nev.S.Ct. October 15, 2007); *In re Chi*, 2007 WL 2852629 (Tex.Crim.App. October 2, 2007). However, Berry is seeking an equitable remedy from this Court, and he offers no explanation for waiting until his execution was imminent to bring this claim. The grant of certiorari in *Baze* has no impact on established law, and until "contrary guidance" is offered by the Supreme Court, this Court is bound by precedent. *See Neville*, 440 F.3d at 223; *see also Reese*, 453 F.3d at 291("As we read *Hill*, a plaintiff cannot wait until a stay must be granted to enable him to develop facts and take the case to trial - not when there is no satisfactory explanation for the delay."); *Smith v. Johnson*, 440 F.3d 262, 263 (5th Cir. 2006) (inmate waiting over nine years to raise challenge to lethal injection procedure unduly delayed and was not entitled to equitable relief); *White*, 429 F.3d at 574 (5th Cir. 2005) (reaching same conclusion after six year delay); *Harris v. Johnson*, 376 F.3d at 416-17 (5th Cir. 2004) (reversing grant of temporary restraining order in § 1983 challenge to Texas lethal injection protocol on ground plaintiff was dilatory in seeking relief).

In light of the above, the Court **DENIES** Berry's request for a temporary restraining order and/or a preliminary injunction and **GRANTS** Defendants' motion as it relates to Earl Wesley Berry. A separate order in accordance with this opinion shall issue today.

**THIS** the 24th day of October, 2007.


/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

4