**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ALAN DALE WALKER, et al.**                                                    **PLAINTIFFS**

**vs.**                                                   **CIVIL ACTION NO.: 4:07CV176-P-B**

**CHRISTOPHER EPPS, et al.**                                            **DEFENDANTS**

<u>**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE
ENTRY OF DEFAULT & DENYING PLAINTIFFS' CROSS-MOTION FOR RELIEF**</u>

Presently before the Court are: (1) Defendants' motion to set aside Clerk of Court's entry

of default against them[1], and (2) Plaintiffs' cross-motion to condition relief from the entry of

default upon Defendants' acceptance of certain conditions.[2]  For the following reasons,

Defendants' motion is **GRANTED**, and Plaintiffs' cross-motion is **DENIED**.

Plaintiffs Alan Dale Walker, Earl Wesley Berry, Paul Everett Woodward, Gerald James

Holland, and Dale Leo Bishop are inmates who have been sentenced to death.  Plaintiffs filed a

Complaint with the Court on October 18, 2007, pursuant to 42 U.S.C. § 1983, asserting that

Mississippi's procedures for carrying out executions by means of lethal injection violate their

constitutional rights.  Plaintiff Earl Wesley Berry's execution was scheduled for October 30,

2007, and the Complaint sought a temporary restraining order with regard to his execution.

Counsel for Defendants filed a motion to dismiss with respect to Berry.   The Court held a

hearing and subsequently denied Berry relief, but Berry's execution was stayed by the Supreme

Court of the United States on October 30, 2007.  On April 25, 2008, the Supreme Court denied

---

[1] Docket entry no. 26

[2] Docket entry no. 28

Berry's petition for writ of certiorari. During the pendency of Berry's stay, no action was taken in this case. Defendants failed to respond to the Complaint, and Plaintiffs moved for entry of default against Defendants. On May 5, 2008, the Clerk entered an entry of default against Defendants for their failure to answer the Complaint, and the Defendants' motion and Plaintiffs' cross-motion at issue here were subsequently filed.

Counsel for Defendants argues that the entry of default should be set aside, inasmuch as Defendants' failure to respond was the result of a miscommunication within the Office of the Attorney General regarding which attorney would be handling the case. Counsel asserts that he had a good faith belief that he only appeared in this case to litigate motions regarding Berry, and that the claims raised by the remaining Plaintiffs in the § 1983 suit would be handled by another attorney. Defendants note that they have already appeared and litigated the case with regard to Berry, and they have attached to the instant motion their "Answer and Affirmative Defenses" to demonstrate to the Court their readiness to proceed with the case upon the setting aside of the entry of default. Defendants deny any prejudice to the remaining Plaintiffs, and they assert that there exist meritorious defenses to the Plaintiffs' claims. Specifically, they assert that Plaintiffs claims are time-barred, and that the United States Supreme Court case of *Baze v. Rees*, ___ U.S. ___, 128 S.Ct. 1520 (2008) otherwise precludes the grant of relief, as Mississippi's lethal injection procedure is "substantially similar" to the procedure upheld in Kentucky.

Plaintiffs have filed a response in opposition to Defendants' motion, and they have filed a cross-motion to condition relief from the default. Specifically, Plaintiffs assert that Defendants have failed to demonstrate good cause for their default, they argue that they will be prejudiced if the default is set aside, and they assert that Defendants have "unclean hands" in seeking relief

from a technical rule while asserting similar technical rules of procedure to preclude the consideration of Plaintiffs' claims. Their cross-motion requests that this Court relieve Defendants from default only if Defendants consent to striking procedural and time-based defenses against all Plaintiffs, and if they consent to the grant of Rule 60(b)(6) relief with respect to Berry.

Plaintiffs note that while counsel for Defendants did state at the hearing on Berry's motion for a stay that he was only arguing the emergency injunction portion of the case, the Attorney General himself and other attorneys from that office were present. Plaintiffs assert that one of Defendants' defenses, should the Court allow them to set aside their default, is a statute of limitations. Plaintiffs maintain that Defendants' argument is hypocritical and falls under the doctrine of unclean hands, as they are seeking relief from a technical rule while using technical rules in defense of this action. Plaintiffs also argue that they will be prejudiced by setting aside the default, as the remaining Plaintiffs in this case are in various stages of federal habeas litigation. They assert that if any of the Plaintiffs seek injunctive relief in this Court, Defendants will raise a laches defense in an attempt to bar consideration of the merits of their claims. They note that if Defendants had timely answered on or before November 18, 2007, the date contemplated by the Federal Rules, discovery would have been conducted and no laches defense would be available to Defendants. Plaintiffs also deny that Defendants have shown meritorious defenses to the Complaint.

In the alternative, Plaintiffs argue that the Court should condition any relief from the default in a manner that would reduce prejudice to Plaintiffs. Their cross-motion requests that the Court condition relief from the entry of default upon Defendants' agreement not to seek an

execution date on any future Plaintiff while this case is pending and refrain from asserting time-based or procedural defenses to Plaintiffs' requests for injunctive relief. The motion also requests that relief be conditioned on Defendants' agreement to allow Berry to re-assert his claims and stay his execution pending the outcome of the litigation.

Rule 55 of the Federal Rules of Civil Procedure allows a court to set aside an entry of default for good cause. Fed.R.Civ.P. 55(c). It is within the district court's discretion to set aside a default. *See United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985). Considered a drastic and extreme remedy, default judgments are not entered against a defaulting party as a matter of right. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A court considering whether to set aside an entry of default should consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *One Parcel of Real Property*, 763 F.2d at 183. The Court considers these factors while acknowledging that default judgments are not favored under federal law and procedure. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In applying this standard, the Court concludes that the entry of default should be vacated. Defendants appeared and argued this case with respect to Plaintiff Berry. The Court does not condone Defendants' failure to follow the rules of procedure, but their failure to respond to the Complaint appears to be more of an issue of irresponsible behavior than it does willful disregard. *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (court looks for "excusable neglect" in analyzing willfulness factor). Moreover, the fact that this case has been delayed by Defendants' failure to answer does not alone support a finding of prejudice. Plaintiffs must "show that the delay will result in the loss of evidence, increased difficulties in

discovery, or greater opportunities for fraud and collusion." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (citation omitted). Finally, Defendants have raised defenses in their proposed Answer that may prove meritorious. Plaintiffs bear the burden of demonstrating that Mississippi's lethal injection procedure violates the Eighth Amendment, such that this case should proceed through discovery and result in a trial on the merits. *See Baze v. Rees*, ___ U.S. ___, 128 S.Ct. 1520, 1533 (2008) (noting that inmates challenging lethal injection procedure have a "heavy burden" of proof). Unlike the ordinary civil case, Plaintiffs have been adjudicated guilty of capital murder and sentenced to death as the result of the State judicial process. There must exist a presumption that the State judgment is valid until Plaintiffs meet their burden. Therefore, Defendants' motion to set aside the entry of default in this matter is **GRANTED**.

The Court also determines that Plaintiffs are not entitled to the relief sought in their cross-motion. The timeliness defenses the State has proposed relate to the delay between the finality of each individual Plaintiffs' case and the filing of this § 1983 action. What has or has not transpired since the filing of the action has no bearing on whether those defenses are available to Defendants. The Court does not here make a determination that Plaintiffs are precluded from arguing that Defendants have waived their right to assert procedural defenses in subsequent filings. Rather, the Court merely finds that it is improper to condition relief for Defendants on such a condition without a demonstration of a willful disregard for the Court's procedures, without a showing of prejudice to the Plaintiffs, and in light of the Defendants' potentially meritorious defenses. The Court also determines that Plaintiffs are not entitled to a blanket order staying any future execution during the pendency of this action. No execution dates have been set for any viable Plaintiff in this case, and the Plaintiffs are in various stages of

litigating their federal habeas corpus actions.  In the event that an execution date is set for any of Plaintiff, the Court will make an individualized consideration of the merits of any request for injunctive relief Plaintiffs offer.   Finally, the Court notes that Plaintiffs' request with regard to Earl Wesley Berry should not be granted.  Berry was dismissed from this case on October 24, 2007, and any action or inaction by Defendants since that date does not cast doubt on the issue of whether the Court's prior judgment was proper.  The Court will not allow Berry to reinstate his claims merely to punish the State for its failure to properly litigate this claim.   Therefore, Plaintiffs' cross-motion for relief is **DENIED**.

It is hereby **ORDERED** that:

1.      Defendants' motion to set aside the entry of default in this matter is **GRANTED**.

2.      Plaintiffs' cross-motion for relief is **DENIED**.

3.      Defendants shall file their Answer to the Complaint within five (5) days of entry of this order.

**THIS** the 16th day of May, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE