IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ALAN DALE WALKER, et al.                                              PLAINTIFFS

vs.                                        CIVIL ACTION NO.: 4:07CV176-P-B

CHRISTOPHER EPPS, et al.                                              DEFENDANTS

## OPINION AND ORDER DENYING RELIEF

Presently before the Court is "Separate Plaintiff Earl Wesley Berry's Rule 60(b)(6) Motion to Vacate Judgment of Dismissal, for Reinstatement of Challenge to Mississippi's Protocol for Lethal Injection, and for Temporary Restraining Order and/or Preliminary Injunction Staying Execution."[1] On October 18, 2007, Berry, along with four other inmates under a sentence of death, filed a challenge to Mississippi's lethal injection protocol pursuant to 42 U.S.C. § 1983. At the time the Complaint was filed, Berry was scheduled to be executed on October 30, 2007. The Complaint also sought to enjoin the State from executing Berry by means of the Mississippi Department of Corrections' ("MDOC") lethal injection protocol, and Defendants moved to dismiss the Complaint as dilatory and untimely with respect to Plaintiff Berry. Following a hearing on the motion for injunctive relief, the Court found that Berry had been dilatory in seeking relief and granted Defendants' motion to dismiss his claims.[2] The Court certified its ruling as a separate final judgment against Berry.[3] On October 30, 2007, the United States Supreme Court stayed Berry's execution pending disposition of his petition for

---

[1] Docket entry no. 29

[2] Docket entry no. 16

[3] Docket entry no. 18

1

writ of certiorari. *See Berry v. Epps*, ___ U.S. ___, 128 S.Ct. 531 (October 30, 2007).

On April 16, 2008, the United States Supreme Court decided *Baze v. Rees*, ___ U.S. ___, 128 S.Ct. 1520 (2008), which established a means of determining whether a State's particular method of execution violates the Eighth Amendment. The plurality of the Court found that the Eighth Amendment is violated by a State's method of execution where that protocol presents a "substantial risk of serious harm" in light of "feasible, readily implemented" alternative procedures. *Id.* at 1531, 1532. On April 21, 2008, Berry's petition for writ of certiorari was denied by the Supreme Court, and his stay of execution was lifted. *See Berry v. Epps*, ___ S.Ct. ___, 2008 WL 1775034 (April 21, 2008). The State moved to re-set Berry's execution date, and Berry filed a response to the motion and a motion for leave to file a successive petition for post-conviction relief in the trial court. On May 5, 2008, the Mississippi Supreme Court entered an order denying Berry leave to file a successive petition and entered an order setting an execution date for Berry. Berry filed a motion for rehearing, which was denied by the Mississippi Supreme Court on May 15, 2008. Berry is currently scheduled to be executed at 6:00 p.m. on May 21, 2008. The instant motion seeks to vacate the prior judgment of this Court, re-instate Berry as a Plaintiff, and stay Berry's execution pending resolution of the § 1983 action.

The instant motion presents two basic grounds for the requested relief. First, Berry argues that *Baze v. Rees* changed the standard for assessing challenges to the State's lethal injection protocol and justifies the untimely filing of his claim. Berry asserts that little is known about Mississippi's lethal injection protocol, but that Plaintiffs' expert has reviewed the public documents and opined that the protocol does not comport with *Baze*. Berry also maintains that *Baze* represents a post-judgment change in the law that warrants relief under Federal Rule of

2

Civil Procedure 60(b)(6).

Second, Berry argues that Defendants secured the dismissal of Berry's claims but failed to file responsive pleadings to the claims of the other Plaintiffs. Berry asserts that this demonstrates that his October filing did not prejudice Defendants, as they have failed to litigate the remaining Plaintiffs' claims during the pendency of Berry's petition for writ of certiorari. Berry maintains that Defendants' repeated requests for extensions of time in various cases while simultaneously arguing time-based defenses and defaults to preclude review of the claims of death-sentenced prisoners offends equitable principles. Berry asserts that this Court based its dismissal of his claim on case law that requires death-sentenced prisoners to bring their method of execution challenges soon enough in the litigation of their case to allow consideration of the challenge without the necessity of entering a stay of execution. Berry argues that Defendants have failed to litigate this case and have waited until an execution date was re-set to act, such that notions of laches and dilatoriness are not applicable. Therefore, Berry asserts that he is entitled to the requested relief.

Pursuant to the Federal Rules of Civil Procedure, there are five specific bases on which a court may grant relief from a final judgment and one "catch-all" provision. *See* Fed.R.Civ.P. 60(b). The catch-all provision, contained in Rule 60(b)(6) of the Federal Rules of Civil Procedure, provides that a final judgment may be set aside for "any other reason justifying relief from the operation of the judgment." It is "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted" by the other clauses of Rule 60(b). *Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 642-43 (5th Cir. 2005). Relief under clause (b)(6) is "narrowly circumscribed" and appropriately granted only where "extraordinary circumstances

3

are present." *United States ex. rel. Giribaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005); *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995). The requirement that extraordinary circumstances be present before a court may grant relief is intended to respect public policy favoring the finality of judgments and litigation. *See Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

It is Petitioner's burden to demonstrate the presence of exceptional circumstances warranting relief. *See Heirs of H.P. Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000). A change in decisional law is generally not sufficient to grant relief absent some other exceptional circumstance. *See United States ex. rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337-40 (5th Cir. 2005); *Batts*, 66 F.3d at 747-48 (5th Cir. 1995). Rather, the movant must show that the circumstances are sufficiently extraordinary to warrant relief, and even then, the decision whether to grant the relief lies within the Court's discretion. *See Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996).

Berry's conviction and sentence of death became final on October 7, 2002, when the Supreme Court of the United States denied his petition for writ of certiorari. *See Berry v. Mississippi*, 537 U.S. 828, 123 S.Ct. 125, 154 L.Ed.2d 42 (2002). Berry first challenged the method in which the Court intended to carry out his execution on October 18, 2007. In its consideration of Berry's request to stay his October 30, 2007, execution, this Court found Berry's request dilatory and denied relief. The Fifth Circuit affirmed that decision, citing its "[w]ell-established fifth circuit precedent" that an inmate may not wait until his execution is imminent to challenge a procedure that he has long-known the State intended to use to execute him. *Berry v. Epps*, 506 F.3d 402, 404 (5th Cir. 2007).

4

The rendering of a decision in *Baze* does not constitute an exceptional circumstance that would relieve Berry from operation of the Court's judgment, and the Court notes that *Baze* does not represent a change in previously unfavorable law mandating review of Berry's claims. Moreover, Defendants' behavior during the pendency of Berry's petition for writ of certiorari is irrelevant to Berry's request. Plaintiff Berry was dismissed from the § 1983 action on October 24, 2007. What Defendants may or may not have done with respect to the remaining Plaintiffs since that time is not at issue and did not prejudice Berry, as Berry's claims were heard and considered by the Court in October, 2007. Berry's claims were found barred by this Court, and that decision was affirmed by the Fifth Circuit. The Supreme Court of the United States denied Berry's petition for writ of certiorari after *Baze* was decided. The Court will not vacate a valid judgment of dismissal and reinstate Berry's claims as a penalty for Defendants' failure to properly litigate the case with respect to the remaining Plaintiffs. Berry's claim is no less dilatory today than it was when the Court dismissed him as a Plaintiff. Therefore, Berry's motion to vacate the judgment of dismissal and motion for injunctive relief are **DENIED**.

**SO ORDERED**, this the 16th day of May, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE